DIXON, Judge
(dissenting).
We hold that the trial court abused its discretion in overruling a motion for continuance. The motion does not allege defendants’ inability to obtain witnesses or evidence for trial. Fairly construed, the motion alleges only that defendants: (1) do not have the transcript of a deposition taken by defendants; (2) will probably not have, before trial, transcripts of depositions of plaintiff’s witnesses yet to be taken by defendants; (3) might learn something from deposition yet to be taken that will lead to the discovery of evidence!
Writs are granted by ex parte order. Proceedings in the trial court were suspended. Further action was prohibited. Even the depositions set for June 2 and 3 are off; they were fixed by the defendants, who used their fixing as a reason for continuance.
No one has the unqualified right to take the deposition of his opponent’s witnesses before trial, to say nothing of a right to a *658 delay to obtain the transcript of depositions taken at his own behest.
In my opinion, there has been no showing that the trial court abused its discretion. By summary process, without the benefit of oral argument when a lawyer must look at the judge in open court and tell him why he needs a continuance, we re-fix the calendar of the trial court.
Worse than that, we pronounce new law, unsupported by statute or precedent, that a defendant exercising “due diligence” is “entitled to a reasonable delay to have the benefit of the discovery process.”
I believe these writs were improvidently granted.